UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD DEAN CARPENTER,

Plaintiff,

v.

KLAMATH COUNTY JAIL,

Defendant.

Case No. 1:17-cv-00085-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, a former inmate at the Klamath County jail, filed suit pursuant to 42 U.S.C. § 1983 and alleged deliberate indifference to his safety and serious medical needs. Defendant Klamath County jail (the County) now moves for summary judgment under Federal Rule of Civil Procedure 56. For the reasons set forth below, the County's motion is granted and this case is dismissed.

BACKGROUND

On August 8, 2016, plaintiff was booked into the Klamath County jail for violating the terms of his probation. Carpenter Dep. at 13, 16 (Warren Decl. Ex. 1) (ECF No. 44). On August

1 — OPINION AND ORDER

9, 2016, plaintiff and three other inmates were moved into booking cell 3. *Id.* at 70-72; Bryson Decl.

Plaintiff and one of the inmates, Zachary Brennan, had a brief verbal dispute. Carpenter Dep. at 72-73. Plaintiff then "flipped off" Brennan and lay down on his mattress with his back to Brennan. *Id.* at 75, 77. After plaintiff lay down, Brennan immediately attacked plaintiff and hit him with a phone Brennan had been holding. *Id.* at 75. Brennan was recorded hitting plaintiff twice with the phone at the beginning of the fight before dropping it and continuing to hit plaintiff. Bryson Decl. Ex. 1 @ 13:34:57.

Another inmate in cell 3 alerted the guards by knocking on the window to cell 3, and three deputies entered the cell and broke up the fight. *Id.* at 75; Bryson Decl. Ex. 1 @ 13:35:38.

After the assault, plaintiff was transported to the hospital by ambulance. Carpenter Dep. at 47, 80. Plaintiff was treated for his injuries and returned to the jail. When plaintiff returned, he was housed in booking cell 7 under medical observation and remained there until he was released two days later. *Id.* at 83, 85. The doctor at the hospital told plaintiff to follow up with them in two days. *Id.* at 81. After plaintiff was released from the jail on August 11, 2016, he did not follow up with any medical provider. *Id.* at 17, 81, 90.

Jail officials filed a report with the Klamath County District Attorney and Brennan was charged and convicted of assaulting plaintiff. Carpenter Dep. at 50.

Later that fall, plaintiff was incarcerated in the Klamath County Jail two more times, in October and December of 2016. *Id.* at 103.

## DISCUSSION

Plaintiff alleges that the Klamath County jail exhibited deliberate indifference to his health and safety by failing to protect him from assault and by failing to provide adequate

medical care after the attack. The County moves for summary judgment on grounds that the evidence of record contradicts plaintiff's claims and establishes no violation of his rights. To prevail on its motion, the County must show that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

I evaluate plaintiff's claims of deliberate indifference under the Fourteenth Amendment because his status as a probation violator is equivalent to that of a pretrial detainee. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1312, *as amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995) (stating that the "convicted inmates' challenge is evaluated under the Eighth Amendment, and the pretrial detainees' challenge is evaluated under the Fourteenth Amendment"); *Weishaar v. Cnty. of Napa*, 2016 WL 7242122, at *6 (N.D. Cal. Dec. 15, 2016) (treating an arrested probation violator as a pretrial detainee and analyzing claims under the Fourteenth Amendment) (citing *Ressy v. King Cnty.*, 520 F.3d App'x 554, 555 (9th Cir. May 22, 2013)).

Deliberate indifference under the Fourteenth Amendment is shown when a prison official knew or should have known that a detainee faced a "substantial risk of serious harm" and failed to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016) (en banc), *cert denied, Los Angeles Cnty. v. Castro*, 137 S. Ct. 831 (2017).[1] Here, the record clearly shows that the County was not deliberately indifferent to plaintiff's safety or to his medical needs.

---

[1] The Eighth Amendment standard for deliberate indifference includes a subjective element; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at

3 — OPINION AND ORDER

As an initial matter, plaintiff's claims are alleged solely against the County, as the local governmental body and legal entity in charge of the jail. *See generally* Am. Compl. (ECF No. 17). "Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom[.]'" *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In other words, to hold the County liable, plaintiff must show that a County policy or custom disregarded risks to prisoners and caused the deprivation of his constitutional rights. *Castro*, 833 F.3d at 1073.

Plaintiff maintains that the County has a policy of allowing inmates to use handheld phones while in the booking area, and this policy led to his assault and resulting injuries. However, plaintiff does not explain why or how the County should have known that its phone policy could result in an assault or an inmate's severe injuries. Plaintiff has been incarcerated in the jail approximately thirty times by his own count, and he has never witnessed or heard of a handheld phone being used as a weapon. Carpenter Dep. at 14, 37-38. During his incarcerations, plaintiff has argued with other inmates in the booking area, and no other argument ever led to an assault or physical confrontation. *Id.* at 69. Further, Brennan was given the phone prior to his argument with plaintiff, and no circumstances suggested that he should not be given a phone.

---

837. Deliberate indifference under the Fourteenth Amendment differs and does not require subjective intent or awareness of a substantial risk to establish the failure to protect. *Castro*, 833 F.3d at 1068-72 (discussing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). The Ninth Circuit has not ruled whether the "objective" deliberate indifference test applies to pretrial detainee claims of inadequate medical treatment; regardless, "any possible divergence" from the subjective Eighth Amendment standard does not affect my decision in this case. *Anderson*, 45 F.3d at 1313, n.1; *see Sandoval v. Cnty. of San Diego*, 2018 WL 733775, at *6 & n.5 (S.D. Cal. Feb. 6, 2018) (noting that the Ninth Circuit has not decided whether the objective standard applies to inadequate medical treatment claims under the Fourteenth Amendment).

4 — OPINION AND ORDER

There is no evidence of record to suggest that jail officials should have been on notice that the phone policy was likely to violate a prisoner's rights.

In his response, plaintiff also argues that Brennan had been moved from the jail's general population to the booking cells for "combative" behavior, and that the County should house such inmates in a single cell rather than in booking cells. Pl.'s Response at 3 (ECF No. 51). However, the evidence shows that Brennan was moved from general population because he refused to "cell in" for the night and instead retrieved some books and cookies; he was not transferred for combative behavior. Stripling Decl. Ex. 2 (ECF No. 53-1). Therefore, plaintiff fails to establish that a County policy led to the deprivation of his constitutional rights.

Even if I construed plaintiff's complaint liberally to allege the failure to protect against an individual jail official, plaintiff cannot defeat summary judgment. "The Eighth Amendment requires prison officials to take reasonable measure to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013); *see also Farmer*, 511 U.S. at 833. Here, no facts suggest that jail officials failed to take reasonable measures to protect plaintiff.

It is undisputed that plaintiff and Brennan did not know one another at the time they were housed together in cell 3. Plaintiff and Brennan argued briefly before Brennan attacked plaintiff with the phone and his fists. Bryson Decl. Ex. 1 @ 13:32:31-13:34:55. Before this incident, plaintiff had never known anyone to use the booking phone as a weapon. Carpenter Dep. at 37-38. These undisputed facts fail to establish that deputies should have known plaintiff faced a serious risk of harm from Brennan or his use of the handheld phone.

Plaintiff also argues that deputies should have separated him and Brennan after they had an earlier, "ten second" argument and were told to stop arguing. Carpenter Dep. at 41, 45.

5 — OPINION AND ORDER

Plaintiff maintains that the arguing should have put deputies on notice that the situation could escalate. However, as plaintiff acknowledged, arguments often occur in the booking area without resulting in an altercation. *Id.* at 69. Further, plaintiff did not request to be separated from Brennan after their argument, and even plaintiff did not think that Brennan would attack him. *Id.* at 40-41. If plaintiff did not believe he was in danger of attack, I cannot find that the deputies should have had reason to believe plaintiff would be attacked.

Moreover, the record disputes plaintiff's allegations. After seeing the video evidence at his deposition, plaintiff conceded that the version of events alleged in his complaint is unsupported by the video. Carpenter Dep. at 73. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, plaintiff fails to defeat summary judgment on his failure to protect claim.

Next, plaintiff alleges that the County was deliberately indifferent to his serious medical care when he was "immediately released" from the jail after his fight with Brennan. Am. Compl. at 5. To sustain an Eighth Amendment claim based on the lack of medical treatment, a prisoner must show: 1) the existence of "a serious medical need" such that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and 2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citation omitted). Prison officials may demonstrate deliberate indifference to an inmate's serious medical needs by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Id.*; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.

2002). Where a delay in receiving medical treatment is alleged, the delay must have led to "significant harm" in order for a prisoner to sustain a claim of deliberate indifference. *Hallett*, 296 F.3d at 746.

Plaintiff fails to identify a policy of the County that led to inadequate medical care. Regardless, plaintiff was not "immediately" released from jail without receiving medical treatment after the assault; rather, plaintiff was transported by ambulance to a hospital for treatment of his injuries. Carpenter Dep. at 47, 80. After receiving medical treatment at the hospital, plaintiff returned to the jail where he was housed in booking cell 7 and remained under medical observation until his release. Moreover, plaintiff did not seek medical treatment following his release on August 11, 2016, even though he was advised to do so by the hospital physician. Plaintiff's failure to seek medical treatment belies his claim.

Accordingly, no genuine issue of material fact precludes summary judgment.

## CONCLUSION

The County's Motion for Summary Judgment (ECF No. 42) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 13th day of March, 2018.

	*Ann Aiken*
	Ann Aiken
	United States District Judge